IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

GREG J. SEUFERT,            )
                            )
        Plaintiff,           )
                            )   No. 04-5132-CV-S-DW
v.                          )
                            )
JO ANNE B. BARNHART,        )
Commissioner of Social Security, )
                            )
        Defendant.           )

# ORDER

Greg J. Seufert appeals the denial of his applications for disability insurance benefits and supplemental security income. See 42 U.S.C. §§ 401-434; 42 U.S.C. §§ 1381-1383. After a hearing, an ALJ found that Seufert was not under a "disability" as defined in the Social Security Act. The ALJ's decision is the final decision of the Commissioner. Because the ALJ's decision is not supported by substantial evidence on the record as a whole, it is reversed. Benefits will be granted.

This Court reviews whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. See Stormo v. Barnhart, 377 F.3d 801, 805 (8th Cir. 2004). Substantial evidence is less than a preponderance, but enough that a reasonable mind finds adequate to support the ALJ's determination. See id. at 805. The Court considers "evidence that supports the ALJ's decision as well as evidence that detracts from it, but even if inconsistent conclusions may be drawn from the evidence, the agency's decision will be upheld if it is supported by substantial evidence on the record as a whole." Guilliams v. Barnhart, 393

F.3d 798, 801 (8th Cir. 2005).

The facts and arguments are presented in the parties' briefs and are repeated here only in part. Seufert's main argument is that the ALJ did not properly consider the medical evidence in the record. His longtime physician, Dr. Royce, treated him for severe lower back pain beginning in 2000. Multiple diagnostic tests during 2000 and 2001 showed spinal conditions, such as bulging discs. Dr. Royce prescribed Vicodin (a narcotic painkiller) for Seufert's back pain many times from 2000 to 2004. He received at least six epidural steroid injections into his lower back to mitigate pain. In a "Medical Source Statement Physical" requested for this case, Dr. Royce opined that Seufert should never climb, balance, stoop, kneel, crouch, or crawl. Further, Royce concluded that he must change positions every 30 minutes and lie down for 30 minutes every four hours. At the hearing, the vocational expert testified that a person with such limitations could not work.

Absent a good reason, an ALJ is required to give substantial weight to the conclusion of a treating physician. See Dolph v. Barnhart, 308 F.3d 876, 878-79 (8th Cir. 2002). Here, the ALJ did not comply with that requirement. Dr. Royce's opinion was disregarded because "her opinion appears to based largely on the claimant's allegations to her." But it seems that the medical doctor who saw Seufert many times over many years is uniquely qualified to judge his complaints of pain. See Flanery v. Chater, 112 F.3d 346, 350 (8th Cir. 1997) ("A patient's report of complaints, or history, is an essential diagnostic tool."). In addition, objective medical evidence, such as positive MRIs, support her opinion. Dr. Royce's opinion was also discounted because she is a general practitioner, whose opinion is "inconsistent" with the opinion of specialists. True, neurologists did decline to recommend fusion surgery. However, the record

2

evidence consistently shows severe lower back conditions causing pain.

The ALJ also discounted Seufert's credibility, for several reasons stated in the decision. Those reasons include that Seufert was physically capable of having a sexual relationship during the alleged period of disability. More important is the undisputed medical evidence that Seufert is in pain. And his complaints of disabling pain are consistent with his treating physician's opinion. The ALJ's decision to discount Seufert's complaints of back pain is not supported by substantial evidence.

After careful examination of the record—including the briefs, the ALJ's decision, the transcript of the hearing, and additional medical and documentary evidence—this Court concludes that the ALJ's decision is not supported by substantial evidence on the record as a whole. Therefore, the Commissioner's decision denying Seufert's applications for benefits is REVERSED, and the Commissioner is ordered to pay benefits.

SO ORDERED.

/s/ DEAN WHIPPLE
Dean Whipple
United States District Judge

Date:   November 22, 2005

3

Case 6:04-cv-05132-DW     Document 17     Filed 11/22/05     Page 3 of 3